# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

CHARLIE BAKER,                                                      PETITIONER

V.                                                  NO. 4:04CV290-D-B

STATE OF MISSISSIPPI, ET AL,                          RESPONDENTS

## O P I N I O N

This cause comes before the court on the petition of Charlie Baker for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted, in accordance with his pleas of guilty, on October 22, 199, in the Circuit Court of Washington County, Mississippi, of burglary of a dwelling and grand larceny of a motor vehicle. He was sentenced to serve seven years in confinement.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner states that he is not challenging his convictions and sentence. Instead, he argues that he was entitled to Earned Release Supervision on August 30, 2004. Petitioner has not filed a motion in state court contending that his sentence had expired, even though he clearly has such a remedy under the Mississippi Uniform Post Conviction Collateral Relief Act, § 99-39-1, *et seq.*, Miss. Code Ann. This motion for post-conviction relief is expressly excepted from the three-year

statute of limitations period set forth in § 99-39-5(2) and the successive writ bar in § 99-39-27(9). Consequently, the "state's highest court [has not had] a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief." Accordingly, petitioner's state court remedies have not been exhausted and his petition must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 6th day of September, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE